Submitted November 25, reversed and remanded December 31, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSEPH HAWK WEIL,
*Defendant-Appellant.*

Multnomah County Circuit Court
070342610; A136438

200 P3d 164

Peter Gartlan, Chief Defender, and Kenneth A. Kreuscher, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for possession of a loaded firearm in a public place, in violation of Portland City Code 14A.60.010, and unlawful possession of a firearm, in violation of ORS 166.250. He assigns error to the denial of his motion to suppress evidence obtained during a traffic stop, during which a police officer asked defendant about the presence of weapons without reasonable suspicion that defendant possessed such weapons. According to defendant, because the officer did not ask the question during an unavoidable lull in the stop or while writing a citation, the officer's questioning was unlawful. Because the questioning was unlawful, defendant contends, the evidence that resulted from his answers should have been suppressed. The state agrees that, under this court's decisions in *State v. Kirkeby*, 220 Or App 177, 185 P3d 510, *rev allowed*, 345 Or 301 (2008), and *State v. Rodgers*, 219 Or App 366, 182 P3d 209, *rev allowed*, 345 Or 301 (2008), the trial court should have granted defendant's motion to suppress. We agree that *Rodgers* and *Kirkeby* are controlling and that, under those decisions, the trial court erred.

Reversed and remanded.