Argued and submitted October 30, 2008, reversed and remanded April 29, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TRACY ALAN CRAFT,
*Defendant-Appellant.*

Multnomah County Circuit Court
061136575; A135477

206 P3d 1220

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Anna Marie Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for carrying a concealed weapon, ORS 166.240, and unlawful possession of methamphetamine, ORS 475.894. He assigns error to the trial court's denial of his motion to suppress evidence obtained from a traffic stop, during which a police officer asked defendant about the presence of weapons without having reasonable suspicion that defendant possessed weapons. Defendant argues that that questioning violated Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution, and that, as a consequence, the trial court should have suppressed the evidence that resulted from his answers to the officer's questions about weapons.

We conclude that the circumstances here are indistinguishable from those presented in our decisions in *State v. Kirkeby*, 220 Or App 177, 185 P3d 510, *rev allowed*, 345 Or 301 (2008), and *State v. Rodgers*, 219 Or App 366, 182 P3d 209, *rev allowed*, 345 Or 301 (2008). *See also State v. Weil*, 225 Or App 65, 200 P3d 164 (2008) (reversing and remanding under *Kirkeby* and *Rodgers* denial of motion to suppress where officer asked defendant early in traffic stop about presence of weapons without reasonable suspicion). Hence, we conclude that *Kirkeby* and *Rodgers* are controlling and that, based on those decisions, the trial court erred under Article I, section 9, in denying defendant's motion to suppress.

Reversed and remanded.